**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ ᒋJAN 1 1 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRENT TAYLOR,

                              Petitioner,

                                                          **OPINION & ORDER**
                                                          **CV-11-0229**

        -against-


MICHAEL SPOSATO,

                              Respondent.
-------------------------------------------------------- X
FEUERSTEIN, J.


        On January 13, 2011, *pro se* petitioner Trent Taylor ("petitioner") filed a petition in this

Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that his

November 9, 2010 conviction in the Supreme Court of the State of New York, Nassau County

(Honorof, J.) ("the state court"), under indictment number 1601N/10, upon his plea of guilty to

criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(3)) and criminal

possession of a weapon in the fourth degree (N.Y. Penal Law § 265.01(1)) ("the weapons

possession charges"), was obtained in violation his speedy trial rights.[1]  On February 10, 2011,

petitioner filed a "supplemental petition" ostensibly challenging a November 17, 2010 judgment

of conviction entered in the state court under indictment number 2129N/09.  Respondent now

moves to dismiss the petition.  For the reasons set forth herein, respondent's motion is granted

and the petition is dismissed in its entirety.

------------------------------

        [1] No judgment of conviction has been entered against petitioner under indictment number
1601N-10 in the state court because he has not yet been sentenced upon his conviction of the
weapons possession charges in that indictment.

1

## I.  BACKGROUND

Although a jury trial on the weapons possession charges was commenced on October 28,

2010, (Affidavit of Joanna Hershey in Support of Motion to Dismiss ["Hershey Aff."], ¶ 3), on

November 9, 2010, petitioner withdrew his plea of not guilty and pled guilty to those charges

based upon the states court's commitment to sentence him to a determinate term of imprisonment

of six (6) years, followed by a period of post-release supervision for five (5) years, to run

concurrently with the sentence to be imposed on the charges against him under indictment

number 2129N/09, to which petitioner pled guilty in a separate proceeding. (Hershey Aff., ¶ 4;

Transcript of Plea Allocution on November 9, 2010 ["Plea"], at 2-4 , 10, 13-14).  During his plea

allocution relating to the weapons possession charges, petitioner admitted, *inter alia*, that on

September 16, 2009, he possessed a loaded gun in Nassau County.  (Plea, at 11-12).

On November 17, 2010, a judgment of conviction was entered against petitioner in the

state court, under indictment number 2129N/09, upon: (a) his plea of guilty to one (1) count of

robbery in the first degree (N.Y. Penal Law § 160.15(4)), one (1) count of attempted robbery in

the first degree (N.Y. Penal Law §§ 110.00 and 160.15(4)), one (1) count of criminal use of a

firearm in the first degree (N.Y. Penal Law § 265.09(1)), two (2) counts of robbery in the second

degree and two (2) counts of attempted robbery in the second degree ("the armed robbery

charges"), and (b) imposition of sentence to a determinate term of imprisonment of six (6) years.

Petitioner does not allege that he ever appealed, or otherwise sought collateral review of, his

November 17, 2010 judgment of conviction in state court.

Since petitioner has not yet been sentenced on the weapons possession charges for which

he was convicted under indictment number 1601N/10, no judgment of conviction has yet been entered in the state court under that indictment. Accordingly, petitioner has not appealed, or otherwise sought collateral review of, his conviction on the weapons possession charges underlying indictment number 1601N/10.[2]

On January 13, 2011, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, alleging that his right to a speedy trial was violated during the prosecution of the weapons possession charges against him under indictment number 1601N-10. Although petitioner conclusorily alleges a violation of his "due process" rights under the Sixth Amendment to the United States Constitution, (Petition, ¶ 12), his sole claim is that the prosecution was not ready for trial on the weapons possession charges within the six (6)-month period prescribed by New York Criminal Procedure Law § 30.30.

On or about February 10, 2011, petitioner filed a "supplemental petition" in this proceeding, ostensibly challenging his November 17, 2010 judgment of conviction on the grounds: (1) that his warrantless arrest on September 16, 2009 was unlawful (ground one); and (2) that the photographic arrays from which the victims of the armed robberies charged in indictment number 2129N/09 identified him as a perpetrator were unduly suggestive (grounds two through four).

Respondent now moves to dismiss the petition on the basis that petitioner's speedy trial claim is unexhausted and does not raise a constitutional issue cognizable on federal habeas

---

[2] In fact, petitioner waived his right to appeal his conviction on the weapons possession charges during his plea allocution. (Plea, at 8).

review.[3] Petitioner has not opposed, or otherwise responded to, respondent's motion.

II.    DISCUSSION

A.    Exhaustion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254,

requires that prior to bringing a petition for habeas corpus relief in federal court, a state court

defendant "exhaust the remedies available in state court or demonstrate that 'there is an absence

of available State corrective process [or] [that] circumstances exist that render such process

ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional

Services, 235 F.3d 804, 808 (2d Cir.2000)(citation omitted, insertion in original).  The

exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal

premises of his federal claim to the highest state court.  Baldwin v. Reese, 541 U.S. 27, 124

S.Ct. 1347, 158 L.Ed. 2d 64 (2004); see also Richardson v. Superintendent of Mid-Orange

Correctional Facility, 621 F.3d 196, 201 (2d Cir. 2010), cert. denied sub nom Richardson v.

Inserra, 131 S.Ct. 1019, 178 L.Ed.2d 844 (2011); Strogov v. Attorney General of State of New

York, 191 F.3d 188, 191 (2d Cir. 1999) (holding that a federal constitutional claim has not been

fairly presented to the State courts unless the petitioner has informed those courts of all of the

essential factual allegations and essentially the same legal doctrine he asserts in his federal

petition).

---

[3] Respondent does not address the "supplemental petition."

### 1.    Original Petition

Petitioner never properly moved to dismiss indictment number 1601N-10 based upon a speedy trial violation in the state court and has not alleged "an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1).  Although petitioner alleges in his petition that he filed a motion seeking to dismiss the weapons possession charges against him under indictment number 1601N-10 based upon a speedy trial violation in the state court on or about June 8, 2010, (Petition, ¶ 9 and attached exhibit), the petition is not notarized or otherwise sworn to by petitioner; there is no record of any speedy trial motion having been filed in the state court relating to indictment number 1601N-10; the prosecution denies ever having received a speedy trial motion under indictment number 1601N-10, (Hershey Aff., ¶ 5); and the copy of the speedy trial motion petitioner attached to his petition contains a different indictment number, i.e., 24013/09, and does not contain any stamp indicating that it was ever filed in the state court. Moreover, petitioner has not filed any opposition to respondent's motion to dismiss and has not otherwise refuted respondent's contention that "[a]t no time prior to entering his guilty plea did petitioner ever raise a speedy trial claim or move to dismiss the indictment [number 1601N-10] on that basis." (Herhsey Aff., ¶ 5).

Since petitioner never fairly presented his speedy trial claim to the state court, the sole claim in his original petition is unexhausted.  Accordingly, the branch of respondent's motion seeking dismissal of the petition as unexhausted is granted and the petition is dismissed without prejudice to petitioner's exhaustion of that claim in state court.

2. "Supplemental Petition"

Assuming, *arguendo*, that petitioner properly raised claims relating to a separate state court judgment of conviction under a separate indictment in a "supplemental petition" filed in this proceeding, petitioner has not alleged that he exhausted the claims he attempts to raise in the "supplemental petition" in the state court. Since there is no indication that petitioner ever appealed, or otherwise collaterally attacked, his November 17, 2010 judgment of conviction, entered upon his plea of guilty, in state court, the claims he attempts to raise in his "supplemental petition" are dismissed as unexhausted, without prejudice to his commencing a separate proceeding in the appropriate court upon exhaustion of those claims in state court.

B.    Federal Claim

In his petition, petitioner alleges that the prosecution was not ready for trial within two hundred and two (202) days from the date the accusatory instrument against him was filed in state court, which "exceeds the CPL [sic] requirements that the prosecution be ready for trial in 6 months or 180 days." (Petition, page 7).

Unlike the statutory time period set forth in New York Criminal Procedure Law Section 30.30, the Supreme Court has "refused to 'quantif[y]' the [Sixth Amendment] right [to a speedy trial] 'into a specified number of days or months.'" Vermont v. Brillon, — U.S. —, 129 S.Ct. 1283, 1290, 173 L.Ed.2d 231 (2009) (quoting Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)); see also U.S. v. Ray, 578 F.3d 184, 191 (2d Cir. 2009) (holding that the Speedy Trial Clause of the Sixth Amendment "neither prohibits all delays, nor establishes a strict time limit between the announcement of a charge and the commencement of

6

trial.") Rather, in determining whether a delay in the commencement of trial violates the Speedy Trial Clause of the Sixth Amendment, courts must employ the balancing test set forth by the Supreme Court in Barker, i.e., by evaluating several factors, including the length of, and reason for, the delay; the defendant's assertion of his right to a speedy trial; and any prejudice to the defendant resulting from the delay. Ray, 578 F.3d at 191 (citing Barker, 407 U.S. at 530, 92 S.Ct. 2181). Since, inter alia, petitioner does not allege that he suffered any prejudice resulting from the purported delay in the commencement of his trial on the weapons possession charges, to which he ultimately pled guilty, the petition does not state a constitutional speedy trial claim. [4]

Since petitioner's speedy trial claim is based entirely on a violation of his statutory rights under New York Criminal Procedure Law Section 30.30, the petition raises only a state law claim that is not cognizable on federal habeas review. See, e.g. Martin v. Ercole, No. 08-cv-933, 2011 WL 2748655, at * 4 (E.D.N.Y. July 13, 2011); Yampierre v. Phillips, 2010 WL 744526, at * 10 (E.D.N.Y. Mar. 1, 2010); Smith v. LaClair, 04 Civ. 4356, 2008 WL 728653, at * 3 (S.D.N.Y. Mar. 17, 2008). Accordingly, even if petitioner's speedy trial claim was exhausted in state court, the petition is dismissed without prejudice for failure to state a claim cognizable on

---

[4] Indeed, even assuming, arguendo, that petitioner had filed and served the speedy trial motion he attached to his petition in the state court, petitioner asserted therein that he was not required to show any prejudice resulting from the delay in the commencement of his trial. Moreover, his plea of guilty to the weapons possession charges and admission during the plea allocution to having possessed a loaded handgun on September 16, 2009, (Plea, at 11-13), effectively vitiates the only claim of prejudice that he asserted in that motion, i.e., that he "has been prejudiced by the fact that he denies any wrongdoing and emphatically states that criminal charges are being brought by [sic] ulterior motives by the prosecuting attorney." Moreover, by pleading guilty to the weapons possession charges, petitioner, who was represented by counsel during the plea allocution, waived his statutory speedy trial claim under Section 30.30. See Bergin v. MacDougall, 432 F.2d 935, 935-36 (2d Cir. 1970); see also People v. O'Brien, 56 N.Y.2d 1009, 453 N.Y.S.2d 638, 439 N.E.2d 354 (1982); Lloyd v. Walker, 771 F. Supp. 570, 575-76 (E.D.N.Y. 1991).

federal habeas review.

III.   CONCLUSION

Respondent's motion to dismiss is granted and the petition and "supplemental petition" are dismissed in their entirety without prejudice. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN

SANDRA J. FEUERSTEIN
United States District Judge

Dated: January ⁳ ¹, 2012
       Central Islip, New York